**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFREY HANUSCAK,**<br>*Plaintiff,*<br><br>**v.**<br><br>**TEMPLE UNIVERSITY, et al.,**<br>*Defendants.* | **CIVIL ACTION**<br>**NO. 2:26-cv-3404-MMB** |

**Baylson, J.** **October 8, 2026**

**MEMORANDUM RE: MOTION TO DISMISS**

Plaintiff Jeffrey Hanuscak, a *pro se* litigant, filed a complaint in this Court on May 11, 2026, against Defendants Temple University – Of The Commonwealth System of Higher Education ("Temple" or the "University"), Temple President John Fry, and Temple Professor Mark Salzer, Ph.D. (collectively, "Defendants"). ECF 1 ("Compl."). Plaintiff brings a claim under Section 1983 alleging violation of Section 504 of the Rehabilitation Act and the Inclusion Act of 1977. Defendants filed a Motion to Dismiss on August 24, 2026. ECF 13 ("Mot."). Plaintiff filed a Response on August 28, 2026. ECF 14. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with leave to amend.

## I. FACTUAL ALLEGATIONS / BACKGROUND

Plaintiff brings a claim under Section 1983, alleging violation of Section 504 of the Rehabilitation Act and the Inclusion Act of 1977.[1] Compl. at 1. The Complaint was brought by plaintiff Jeffrey Hanuscak and names Temple University, Temple President John Fry, and Temple Professor Mark Salzer as defendants. Id. Defendants filed a Motion to Dismiss the claims against them based on lack of subject matter jurisdiction and failure to state a claim. See Mot.

[1] This Court has not identified an "Inclusion Act of 1977." Regulations implementing Section 504 of the Rehabilitation Act were enacted in 1977, so this Court will assume that Plaintiff is referring to the Rehabilitation Act and will drop further references to the Inclusion Act.

Plaintiff complains of grievances stemming from an alleged surgery he had at Temple in 2014. Compl. at 6. Plaintiff alleges that he was taken by ambulance into "gunshot surgery," where the University implanted a "device" into him. Id. at 6. Plaintiff alleges that the device is a "brain reader" to both "try to get the government and people functioning properly" and to address national security threats using the University's research. Id. at 7–8. Plaintiff alleges that the device "thumbs or pokes [him] all over the place almost 24/7" and "seems to cause some health condition's [sic] like swelling of the legs and feet and urine issues." Id. at 7–8.

Plaintiff states that he has a disability in the form of a "birth injury" and has struggled to obtain adequate employment. Id. at 13. He describes that, after being unable to get a job providing pay commensurate with what he believes he should earn, he contacted Defendant Fry about compensation for the "research"—the research he alleges Temple is engaging in via the "device"—that Plaintiff did not consent to. Id. at 14.

Plaintiff also describes run-ins with law enforcement and the court system, including what he alleges as three (3) false arrests. Id. at 8. In one instance involving the Defendants, Plaintiff alleges that a detective "tr[ied] to force ME [sic] to stop trying to settle with Temple and John Anderson Fry." Id. He stated that the detective had a conflict of interest and did not have probable cause to arrest him, as Plaintiff was "trying to . . . get a settlement and explain w h y [sic] the research was illegal and why [he is] owed the money." Id. at 9. Plaintiff describes another encounter with the court system, which he states "got [him] to leave PA and take a summary disorderly conduct charge with un [sic] reporting 3 months of probation" for "asking another gym member to please shut the hell . . . up and be considerate to other gym members." Id. at 10. This encounter does not appear to involve or relate to any of the named Defendants. See id. at 10. Plaintiff does not discuss the third "false arrest."

Plaintiff seeks $300,000. Id. at 18. Plaintiff's Complaint does not ask for damages—instead he wants this Court to "order Temple University to pay up 300 thousand dollar's [sic] to *settle* this dispute." Id. (emphasis added). Plaintiff believes he is entitled to compensation from a "500 grand Elder Abuse initiative the Mayor Jim Kenny [sic] listed," to which Plaintiff believes the former "Mayor of Philadelphia mentioned was to be [his]." Id. at 17.

Defendants argue that Plaintiff's Complaint is "not intended to bring forth any viable causes of action" and instead "is being used as a vehicle to further continue a longstanding history of physical threats, harassment, and intimidation towards President Fry and Temple officials," which resulted in Plaintiff's arrest in August of 2025.[2] Mot. at 4. Defendants ask the Court to dismiss Plaintiff's Complaint (1) under the substantiality doctrine, as they allege that Plaintiff's claims amount to fantastic scenarios that are devoid of any arguable factual basis; or (2) due to failure to state a claim if Plaintiff's claims are construed as medical malpractice, medical battery, as arising under Section 1983, or as false arrest. Mot. at 6. Plaintiff does not reply to Defendants' responses specifically but states that he "regrets not asking for the 500 grand including a [sic] attorney fee for himself." ECF 14 at 1.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plausibility requires "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the

---

[2] Plaintiff was allegedly ordered not to contact Temple University or any of its employees at this time. Mot. at 7. Plaintiff was incarcerated beginning in August 2025, until he was found incompetent to stand trial and his case was dismissed without prejudice in January 2026. Id. at 8. Defendants assert that Plaintiff resumed sending harassing mails and voicemails after his release last August. Id.

allegations claimed. Twombly, 550 U.S. at 545. A claim does not meet this standard if the factual allegations fail to "nudge[ the] claims across the line from conceivable to plausible." Id. at 547.

*Pro se* plaintiffs are afforded liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam). "Courts are more forgiving of pro se litigants for filing relatively unorganized . . . complaints." Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019). Even if "inartfully pleaded," a complaint can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Wilson v. Shupp, No. 11-3238, 2014 WL 1490635, at *3 (E.D. Pa. Apr. 15, 2014) (**Baylson, J.**) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "[w]hile a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be [sic] name,' this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support." Doe v. Allegheny Cnty. Hous. Auth., No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (citations omitted). The Court should not rewrite pleadings "to include claims that were never presented, nor must the Court 'explore exhaustively all potential claims of a *pro se* plaintiff[.]'" Freeman v. Allentown Sch. Dist., No. 22-3518, 2022 WL 17583641, at *3 (E.D. Pa. Dec. 12, 2022) (**Leeson, J.**) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

Even when liberally construing *pro se* pleadings, federal courts may nonetheless dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction if a plaintiff's allegations are "so attenuated and insubstantial as to be absolutely devoid of merit," Allen v. Am. Fed'n of Gov't Emps. AFL-CIO, 276 F. App'x 197, 199 (3d Cir. 2008), such that the allegations "make out 'fantastic scenarios' that 'lack[] any arguable factual basis.'" Aranovsky v. Temple Univ., No.

25-6797, 2026 WL 2209786, at *4 (E.D. Pa. July 30, 2026) (**Costello, J.**) (citing DeGrazia v. FBI, 316 F. App'x 172, 173 (3d Cir. 2009)).

## III. DISCUSSION

Plaintiff explicitly brings a Section 1983 action for violation of Section 504 of the Rehabilitation Act and "the Inclusion Act of 1977" and states that he was falsely arrested. Compl. at 6. Otherwise, it is difficult to decipher from the face of the Complaint what causes of action Plaintiff brings.[3] While the Court is expected to apply the applicable law even if a plaintiff does not mention it by name, it is not a court's job to "identify any possible claim that the facts alleged could potentially support." Doe, 2024 WL 379959, at *3. If Plaintiff amends his complaint, he must include factual allegations supporting each claim against each Defendant and may not reassert claims that are dismissed with prejudice. See Bradley v. City of Phila., No. 25-4753, 2026 WL 84722, at *5 (E.D. Pa. Jan. 12, 2026) (**Perez, J.**).

### A. Claims Arising from the Alleged Device

A federal court may dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) when a complaint's allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, [or] plainly unsubstantial." DeGrazia, 316 F. App'x at 173 (citing Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (internal citations and quotation marks omitted). Courts do not have jurisdiction over claims that are based on "fantastic scenarios lacking any arguable factual basis." Allen, 276 F. App'x at 199.

Here, any claims Plaintiff brings that arise out of his allegation that during a surgery at Temple University in 2014, Temple implanted a device into his brain, must be dismissed as lacking

[3] Defendants identified potential medical malpractice and medical indifference claims. Mot. at 12. The Court can also discern a potential malicious prosecution claim. See Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2013) (stating that the Court should "apply the relevant legal principle even when the complaint has failed to name it." (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. )). Each of these will be briefly discussed.

any factual basis under the substantiality doctrine. Plaintiff claims that the implanted device controls him and was turned on by the "Philadelphia FBI" because former-Mayor Jim Kenney was "pissed" that Plaintiff sought money from an "elder abuse" initiative for his injuries. Compl. at 6–7. These allegations amount to the kind of "fantastic scenarios" that are regularly dismissed in this jurisdiction. See, e.g., Aranovsky, 2026 WL 2209786, at *4; see also Mina v. Chester Cnty., No. 14-6261, 2015 WL 6550543 (E.D. Pa. Oct. 29, 2015) (**Smith, J.**). The Court lacks the power to hear "far-reaching conspiracy theories," Aranovsky, 2026 WL 2209786, at *5, and therefore will DISMISS with prejudice all claims arising out of allegations about an implanted device, including Section 504 claims, medical malpractice, and medical battery claims, to the extent those claims rely on such allegations.

**B. Section 1983**

Plaintiff's Section 1983 claim for violation of Section 504 of the Rehabilitation Act, to the extent that it is unrelated to allegations about the implanted device, fails as well. To successfully bring a claim under Section 1983, Plaintiff must show that 1) Defendants acted under color of state law, and 2) as a result of Defendants' actions, Plaintiff suffered a denial of Constitutional or certain statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) ("Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws.").

Not all violations of federal statutes are actionable under Section 1983. See A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007) (citing Davis v. Scherer, 468 U.S. 183, 194 (1984)). To sustain a Section 1983 action for the violation of a right granted by statute, "a plaintiff must demonstrate that the federal statute creates an individually enforceable right in the class of beneficiaries to which he belongs." See A.W., 486 F.3d at 801 (3d Cir. 2007) (citing Gonzaga

Univ. v. Doe, 536 U.S. 273, 285 (2002)). If a statute creates a comprehensive enforcement scheme incompatible with individual enforcement, courts have inferred that no individually enforceable right exists. See A.W., 486 F.3d at 801 (citing Rancho Palos Verdes v. Abrams, 544 U.S. 113, 120 (2005)). The Third Circuit has held that, because Section 504's remedial scheme was meant to supplant Section 1983, Section 1983 is **not** an available remedy for such a claim. See A.W., 486 F.3d at 806 (holding that Section 1983 "is not available to provide a remedy" for Section 504 violations). Plaintiff's Section 1983 claim alleging violation of Section 504 is therefore DISMISSED with prejudice.

Plaintiff also discusses false arrest. Compl. at 8. While Plaintiff does not state as much, the Court presumes this claim is brought pursuant to Section 1983. See Johnson v. Hitesman, No. 25-1422, 2026 WL 1047093, at *n.123 (M.D. Pa. April 17, 2026). To successfully allege a Section 1983 claim for false arrest under the Fourth Amendment, Plaintiff must assert that (1) he was arrested, and (2) that the arrest was made without probable cause. See James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012).

As to his first arrest, Plaintiff alleges no facts that suggest the officers who arrested him lacked probable cause. See Compl. Plaintiff simply states that "because [the officer] had no probable cause all I was trying to do was get a settlement and explain w h y [sic] the research was illegal and why I'm owed the money." Compl. at 9. Courts cannot credit bare "legal assertions . . . couched as a factual allegation." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Plaintiff must bring forth facts that, taken as true, form a plausible basis that the officers lacked probable cause. Plaintiff does not do so here. As to the second arrest involving an altercation at the gym that Plaintiff alleges occurred in Montgomery County, Plaintiff alleges no

facts to suggest that Defendants were involved in any way. See Compl. Any claims alleging false arrest are therefore DISMISSED with leave to amend.[4]

To plead a claim for malicious prosecution, Plaintiff must allege that (1) the Defendants initiated a criminal proceeding, (2) the proceeding ended in the Plaintiff's favor, (3) the proceeding was initiated without probable cause, (4) the Defendants acted maliciously or for a purpose other than bringing the Plaintiff to justice, and (5) the Plaintiff suffered a deprivation of liberty consistent with seizure. See McKenna v. City of Phila., 582 F.3d 447, 461 (3d Cir. 2009). A malicious prosecution claim fails for the same reasons as a false arrest claim and is therefore DISMISSED with leave to amend.

**C. The Rehabilitation Act**

The Rehabilitation Act serves to "secure the rights of individuals with disabilities to independence and full inclusion in American society." Berardelli v. Allied Servs. Inst. Of Rehab. Med., 900 F.3d 104, 109–10 (3d Cir. 2018). Section 504 prohibits "recipients of 'federal financial assistance,'" from discriminating against disabled individuals, including by denying access to services, programs, or activities. See Montanez v. Price, 154 F.4th 127, 143–44 (3d Cir. 2025) (citing 29 U.S.C. § 794(a)). A program or activity under Section 504 includes the operations of a college or university. See Datto v. Harrison, 664 F. Supp. 2d 472, 493 (E.D. Pa. 2009) (**McLaughlin, J.**). Plaintiffs may bring a claim under Section 504 alleging disparate treatment or impact, refusal to provide reasonable accommodation, hostile environment, or retaliation. See Ams. with Disabilities: Prac. & Compliance Manual § 1:227 (2026).

---

[4] A state law claim for false arrest fails for the same reasons, since Pennsylvania and federal false arrest claims are "co-extensive" as to proof and damages. See Russoli v. Salisbury Twp., 126 F. Supp. 2d 821, 869 (E.D. Pa. 2000) (**Van Antwerpen, J.**).

Under Section 504, only recipients of federal financial assistance are subject to suit. See Montanez, 154 F.4th at 145. Individually named defendants who do not receive federal funds, therefore, are not liable under Section 504. Id. Plaintiff named Defendants John Fry and Mark Salzer as defendants in this action. Compl. at 1. Both Defendants are individuals. Accordingly, Plaintiff's Rehabilitation Act claims against them will be DISMISSED with prejudice.

As to Temple University, Plaintiff must state a plausible claim for unequal treatment. Here, Plaintiff alleges no facts that suggest Defendant treated Plaintiff differently or denied him access in any way. While Plaintiff does state that he has struggled to obtain adequate employment, Plaintiff does not allege Defendant is the cause of those troubles. Therefore, Plaintiff's Rehabilitation Act claims against Defendant Temple are DISMISSED with leave to amend.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is hereby GRANTED. Plaintiff's Complaint is DISMISSED with prejudice as to all claims relating to the alleged device, as well as all Section 1983 claims alleging violation of the Rehabilitation Act, and all standalone Rehabilitation Act claims against Defendants Fry and Salzer. Any claims alleging false arrest or malicious prosecution, and any standalone Rehabilitation Act claims against Defendant Temple University, are DISMISSED with leave to amend.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 26\26-3404 Hanuscak v. Temple University\26-3404 Memo re MTD.doc.docx